**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | )     **Case No. 25-cr-** 75-JL-AJ-0**1** |
| **v.** | ) |
| | ) |
| **LYNN SEYMOUR** | ) |
| | ) |

## <u>INDICTMENT</u>

The Grand Jury Charges:

### Background

1.      The term "animal crushing" means actual conduct in which one or more living non-human mammals is purposely crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury. 18 U.S.C. § 48(f)(l).

2.      The term "serious bodily injury" means injuries which involve a substantial risk of death; extreme physical pain; protracted or obvious disfigurement; and protracted loss or impairment of the function of a bodily member or organ. 18 U. S. C. § 48(f)(l) (citing 18 U.S.C. § 1365).

3.      Instances of sexual abuse by force and sexual abuse in which the victim is not physically capable of declining participation are also included within the definition of animal crushing. 18 U.S.C. § 48(f)(l) (citing 18 U.S.C. §§ 2241, 2242).

4.      The term "animal crush video" means any photograph, motion-picture film, video or digital recording, or electronic image that depicted animal crushing and is obscene. 18 U.S.C. § 48(f)(2)(A)-(B).

5.      It is unlawful for any person to knowingly sell, market, advertise, exchange, or distribute an animal crush video in, or using a means or facility of, interstate or foreign commerce. 18 U.S.C. § 48(a)(3).

## <u>Count One</u>
### [18 U.S.C. § 48(a)(3) – Distribution of Animal Crush Video]

6.      Paragraphs 1 through 5 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

7.      On or about February 13, 2025, in the District of New Hampshire and elsewhere, the defendant,

**LYNN SEYMOUR,**

did knowingly sell, market, advertise, exchange, and distribute, and cause to be sold, marketed, advertised, exchanged, and distributed an animal crush video which depicts two monkeys where one was tied up and forced to watch the other being tortured, including the crushing of his genitals, intending and having reason to know that the videos would be distributed in, and using a means and facility of, interstate and foreign commerce.

All in violation of 18 U.S.C. § 48(a)(3).

**<u>Count Two</u>**
**[18 U.S.C. § 371 – Conspiracy to Distribute Animal Crush Videos]**

8.      Paragraphs 1 through 5 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

9.      Beginning on an unknown date but no later than on or about November 8, 2024, and continuing through at least on or about April 2, 2025, in the District of New Hampshire and elsewhere, the defendant,

**LYNN SEYMOUR**,

did unlawfully and knowingly combine, conspire, confederate, and agree with other persons whose identities are known and unknown to the Grand Jury to commit an offense against the United States, namely the exchange and distribution of animal crush videos in violation of Title 18, United States Code, Section 48(a)(3).  Specifically, the defendant participated in and served as the administrator for private, online groups involving hundreds of other users on social media sites like Facebook as well as on encrypted messaging platforms such as Telegram.  The purposes of these groups were to view, discuss, promote, advertise, exchange, market, purchase, sell, distribute, solicit, and fund animal crush videos depicting the torture, murder, sexually sadistic mutilation, and sexual abuse of animals, specifically baby and adult monkeys.

All in violation of 18 U.S.C. § 371.

Dated: September 3, 2025

TRUE BILL

/s/ Foreperson
Grand Jury Foreperson

ERIN CREEGAN
United States Attorney

/s/ Charles L. Rombeau
Charles L. Rombeau
Assistant U.S. Attorney

3